J. S76009/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RONALD R. MASTROMONACO, | : | No. 448 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, January 27, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0011937-2013

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND OLSON, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 21, 2015**

Appellant challenges the judgment of sentence entered January 27, 2014, on the sole basis that the verdict is against the weight of the evidence.  Finding no merit, we affirm.

Appellant was charged with simple assault and harassment based upon an incident that occurred on August 1, 2013, in White Oak Borough.[1]  The trial court accurately summarized the evidence at trial:

> After returning home from having dinner and drinks with a friend, the victim in this case, Rhonda Lawther, was confronted at her residence by the defendant, her ex-boyfriend.  Ms. Lawther testified that she had consumed about three beers over a two hour period.  Although Ms. Lawther and the defendant were no longer having a romantic relationship, both Ms. Lawther and the defendant had been staying at the residence.  Ms. Lawther

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1) and 2709(a)(1), respectively

testified at trial that the defendant had been sending her numerous text messages throughout the night while she was having dinner. She described the text messages as "tormenting". Upon arriving back at her residence, she and the defendant soon got into an argument. During the argument, according to Ms. Lawther, the defendant struck her with a backhand across the face. The police were called to the residence. Officer Sargent from the White Oak Borough Police Department responded to the scene. Upon arriving at the residence, he observed Ms. Lawther applying ice to her face and it appeared as though she had an injured lip. Ms. Lawther testified that she suffered a bruise as a result of being struck by the defendant.

The defendant also testified at trial. He testified that he did have an argument with Ms. Lawther on the evening in question. He testified, however, that he never struck her. He testified that she was the one who was sending text messages to him, calling him a "liar" and a "cheat". He testified that he had received information from their landlord that Ms. Lawther and the defendant were going to be evicted from the residence. He believed the landlord was going to their residence to take pictures of the residence. He testified that he called his current girlfriend and directed her to call the police because he did not want the landlord coming to the residence.

Trial court opinion, 7/19/14 at 1-2.

Following the conclusion of a bench trial on January 27, 2014, the court found appellant not guilty of simple assault, but guilty of harassment. The court immediately imposed a sentence of 90 days' probation with costs and conditions.[2]

---

[2] Appellant was required to complete a Batterer's Intervention Program and to have no contact with the victim.

As noted, the only issue raised on appeal is whether the verdict was against the weight of the evidence. We observe our standard of review:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Widmer*, 560 Pa. 308, 319, 744 A.2d 745, 751-52 (2000); *Commonwealth v. Brown*, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. *Widmer*, 560 Pa. at 319-20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Id.* at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Brown*, 538 Pa. at 435, 648 A.2d at 1189.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
> > Appellate review of a weight claim ***is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence***. *Brown*, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is

> against the weight of the evidence. ***Commonwealth v. Farquharson***, 467 Pa. 50, 354 A.2d 545 (Pa.1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

> ***Widmer***, 560 Pa. at 321-22, 744 A.2d at 753 (emphasis added).

***Commonwealth v. Clay***, 64 A.3d 1049, 1054-1055 (Pa. 2013).

In its opinion, the trial court identified the correct standard by which it was to assess the weight of the evidence ("so contrary to the evidence as to shock one's sense of justice"). (Trial court opinion, 7/19/14 at 3.) The trial court provided this analysis:

> Essentially, the defendant challenges this Court's assessment of the credibility of the trial witnesses. As set forth above, after considering and weighing all the evidence, the Court concluded that the Commonwealth's witnesses at trial, Ms. Lawther and Officer Sargent were credible and truthful concerning all essential material facts. This determination is afforded deference. The Commonwealth's evidence established that the defendant and the victim had an argument and the defendant struck Ms. Lawther in the face. Officer Sargent observed the injury to the victim's face. This evidence supported the verdict. This Court has reviewed the trial record and believes that the verdict does not shock any rational sense of justice. The verdict was not against the weight of the evidence.

Trial court opinion, 7/19/14 at 3-4.

The trial court employed the correct standard and properly found that the Commonwealth's witnesses were credible. We see no abuse of discretion in the trial court's analysis. Consequently, we find no error on appeal and will affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/21/2015</u>